[62 NYS3d 352]

In the Matter of Nytaino Romulus, an Attorney, Respondent. Attorney Grievance Committee for the First Judicial Department, Petitioner.

First Department, October 26, 2017

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Si Aydiner* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Nytaino Romulus was admitted to the practice of law in the State of New York by the Second Judicial Department on January 16, 2008. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.

Now, by petition dated June 23, 2017, the Attorney Grievance Committee (the Committee) seeks an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1) and (3), immediately suspending respondent from the practice of law based upon his "default in responding to a petition, notice to appear for formal interview, examination or pursuant to subpoena under these Rules," and his "failure to comply with the lawful demand of the Court or a Committee in an investigation or proceeding under these Rules."

The Committee's investigation commenced after it received a complaint on March 5, 2015, from a client. The client alleged that respondent had represented him in connection with a false arrest claim in New York City and had not returned his numerous telephone calls seeking information about his case. The Committee received a second complaint on June 22, 2015, from another of respondent's clients. This second client alleged that he had retained respondent to prosecute an action for false arrest against the City of New York and that respondent had neglected the matter and failed to communicate with him.

Respondent submitted an answer to the second complaint dated September 29, 2015. In his answer, respondent asserted that he had been communicating with the client and that he was up to date on his case. However, attached to his answer was a summons and complaint that was filed against the City in the case two days *after* the complaint had been received by the Committee.

On August 18, 2015, a Committee investigator emailed respondent to memorialize a telephone conversation he had with respondent earlier that day during which respondent was asked to provide a case status to the first complainant within

10 days and provide documentation to the Committee affirming that the first complainant had been contacted. On August 21, 2015, the Committee investigator followed up by writing a letter to respondent at his office address memorializing the above. On September 24, 2015, the Committee investigator wrote another letter to respondent at his office address to further follow up and memorialize the Committee's request. On October 1, 2015, a Committee staff attorney wrote to respondent requesting that he provide an answer to the first complaint within 20 days. The Committee received no response from respondent.

On January 14, 2016, the Committee wrote to respondent to inform him that he was in default and directed respondent to file an answer to the first complaint immediately. The letter informed respondent that his noncooperation could serve as the basis for his suspension. On February 11, 2016, the Committee followed up again by letter reiterating that respondent was in default and that his failure to answer the first complaint could result in his suspension.

On March 11, 2016, the Committee obtained a court-ordered subpoena mandating an in-person examination under oath of respondent on May 5, 2016. The Committee served the subpoena on respondent's office address on April 14, 2016, by first-class mail and certified mail return receipt requested. Respondent failed to appear for the examination under oath and did not contact the Committee to reschedule. On May 6, 2016, the date after the scheduled examination, the Committee wrote to respondent admonishing his failure to comply with the subpoena and mandating that he contact the Committee's office within seven days to reschedule.

Thereafter, the Committee sent emails to respondent on February 10, February 28, and March 13, 2017, and left multiple voice messages. However, the emails and voice messages were not returned by respondent. The Committee also sent respondent a letter by certified mail return receipt requested on February 15, 2017, to his office address, which requested information on the two complaints. The return receipt card appears to have been signed by respondent. The Committee mailed this same letter to a Brooklyn address that was associated with respondent through a public records search by certified mail return receipt requested. The certified letter's return receipt was signed by "Eddy Romulus." The Committee did not receive a response.

The Committee also searched eCourts to assess respondent's current practice. The Committee's search revealed that respondent was the attorney of record for one post-RJI case in Civil Term, Bronx Supreme Court and two landlord tenant cases in Civil Court. The Supreme Court matter reflects modest activity since the case's inception in 2012 and the Civil Court docket reflects a series of adjournments. One of the Civil Court matters was commenced in 2017 and reflects that respondent had appeared in the case.

On June 29, 2017, the Committee personally served respondent, in hand, with the instant motion outside a courtroom at the Criminal Term, Bronx Supreme Court, and mailed copies of the instant motion to respondent's office and home addresses.

Pursuant to 22 NYCRR 1240.9,

> "(a) A respondent may be suspended from practice on an interim basis during the pendency of an investigation or proceeding on application or motion of a Committee, following personal service upon the respondent, or by substitute service in a manner approved by the Presiding Justice, and upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon:

> "(1) the respondent's default in responding to a petition, notice to appear for formal interview, examination, or pursuant to subpoena under these Rules;
>
> . . .

> "(3) the respondent's failure to comply with a lawful demand of the Court or a Committee in an investigation or proceeding under these Rules."

This Court has routinely held that disregarding the Committee's lawful investigative demands or failing to appear for an examination under oath pursuant to a subpoena from this Court warrants interim suspension (*see Matter of Moreno*, 149 AD3d 65 [1st Dept 2017]; *Matter of Spencer*, 148 AD3d 223 [1st Dept 2017]; *Matter of Jones*, 139 AD3d 107 [1st Dept 2016]).

Here, given respondent's failure to respond to the Committee's numerous letters and voice messages requesting that he address the allegations in the first complaint, his failure to appear for an examination under oath pursuant to a judicial subpoena and his failure to respond to this motion, which con-

stitutes professional misconduct that immediately threatens the public interest, the Committee's motion to immediately suspend respondent from the practice of law should be granted pursuant to 22 NYCRR 1240.9 (a) (1) and (3).

Accordingly, the petition is granted and respondent is suspended from the practice of law.

KAPNICK, J.P., KAHN, GESMER, KERN and MOULTON, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, and until further order of this Court.