Matter of Dunn (2019 NY Slip Op 04667)





Matter of Dunn


2019 NY Slip Op 04667


Decided on June 11, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. John W. Sweeny, Jr.,Justice Presiding,
Judith J. Gische
Peter Tom
Ellen Gesmer
Anil C. Singh,Justices.


M-1697

[*1]In the Matter of Donald R. Dunn, (admitted as Donald Robert Dunn Jr.), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Donald R. Dunn, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Donald R. Dunn, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 17, 2006.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kathy W. Parrino, of counsel), for petitioner.
Respondent pro se.



Per Curiam


Respondent Donald R. Dunn was admitted to the practice of law in the State of New York by the Second Judicial Department on May 17, 2006, under the name Donald Robert Dunn, Jr [FN1]. At all times relevant to this proceeding, respondent maintained a law office within the First Judicial Department.
The Attorney Grievance Committee (the Committee) seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1) and (3), immediately suspending respondent from the practice of law based upon his failure to answer two complaints and his failure to appear for a deposition as directed by judicial subpoena.
In August 2017, a former client of respondent filed a complaint alleging that she had retained respondent to represent her in an appeal to this Court in a matrimonial matter and to file a motion for a stay. The client paid respondent $12,500 for these services but respondent failed to perform either. The client discharged respondent and retained different counsel, who successfully prosecuted her appeal.
Respondent submitted an untimely answer to this client's complaint and, in January 2018, he appeared before the Committee on two occasions for a deposition. At the deposition, he produced the client's file and testified that she never told him "that she wanted any sort of refund or anything" but that he was "happy to try to make that right with her." Subsequent to this deposition, the client twice wrote to respondent and requested a refund of her fees. Respondent neither acknowledged her request nor tendered a refund.
In May 2018, the Committee issued respondent an Admonition for his failure to act with reasonable diligence and promptness in representing the client. The Admonition, which respondent did not contest, directed respondent to fully refund the $12,500 to the former client within three months. The Admonition warned that if respondent failed to do so, and/or committed additional misconduct unrelated to the matter, the Committee would consider filing formal charges against him.
Respondent did not refund the $12,500 unearned fee as directed and, in October 2018, the Committee initiated a sua sponte investigation, which also included a $5,143 judgment entered against him by an appellate services company.
By November 19, 2018 letter, the Committee requested that respondent submit a written answer within 20 days addressing his failure to refund the $12,500 to his former client as directed in the Admonition and citing the $5,143 judgment. The letter was sent to two addresses: a P.O. Box, which respondent confirmed as his mailing address when deposed by the Committee, and his last business/home address registered with the Office of Court Administration. According to United States Postal Services' tracking records, both letters were delivered on November 20, 2018 but respondent did not answer the sua sponte complaint.
On October 1, 2018, the Committee received a complaint from a second client of respondent. This client alleged that, in February 2017, she retained respondent to represent her in a private nuisance action against her landlord and neighbors for which she had paid respondent a total of $1,300. After paying respondent, he failed to respond to the client's numerous attempts to contact him to ascertain the status of her case. Both the client and a different attorney were unable to find any record of respondent having commenced an action on the client's behalf despite his March 2017 invoice to her, which implied that he had done so. The Committee also found no record of any lawsuit filed by respondent on behalf of the client.
By November 14, 2018 letter, the Committee requested that respondent submit a written answer to this client's complaint within 20 days. The letter was sent to the P.O. Box address mentioned above and to respondent's last registered business/home address. According to United States Postal Services' tracking records, the letters sent to both addresses were out for delivery, but there was no confirmation that they had been delivered. The letter sent to the P.O. Box was returned to the Committee on January 16, 2019.
By December 10, 2018 letter, the Committee again requested that respondent answer the complaints against him within 10 days and warned that his continued failure to do so could result in his interim suspension. This letter was sent by priority and certified mail to a Bronx address. The Committee used this address because, while investigating respondent, it discovered that, on October 15, 2018, respondent had filed a chapter 7 bankruptcy petition in which he listed this address as his residence. The copy of the letter sent via certified mail was delivered and signed for on December 12, 2018. The copy sent via priority mail was delivered on December 13, 2018. Respondent did not respond to either letter.
On December 26, 2018, this Court issued a subpoena for respondent to appear for a deposition and to bring with him a copy of his file for the second client/complainant.
On January 4, 2019, a Committee investigator arrived at the Bronx address and rang the door bell. A man who identified himself as "Julio," the property owner, answered through the intercom. "Julio" informed the investigator that respondent was not home and that the investigator should leave whatever documents he had for respondent in the mail slot.
After an additional unsuccessful attempt to personally serve respondent on January 10, 2019, the investigator served respondent under CPLR 308(4) by affixing a copy of the subpoena to the door on January 11, 2019, and by mailing a copy of the subpoena to that address via first class mail on January 14, 2019.
On February 13, 2019, respondent failed to appear for his deposition, failed to produce the subpoenaed client file, and he failed to otherwise contact the Committee about his defaults.
The Committee argues that, by failing to respond to the complaints pending against him and by failing to respond to a judicial subpoena directing his attendance at a deposition, respondent has evidenced a willful failure to cooperate with the Committee's investigation, warranting his interim suspension under 22 NYCRR 1240.9(a)(1) and (3). We agree.
We have previously held that a respondent's failure to answer complaints and to appear at a deposition as directed by a judicial subpoena "constitutes willful noncompliance with a Committee investigation warranting immediate suspension" (Matter of Goldsmith, 159 AD3d 188, 192 [1st Dept 2018]; see also Matter of Thomas 155 AD3d 61, 64 [1st Dept 2017]; Matter of Romulus, 155 AD3d 14, 17 [1st Dept 2017]). Moreover, as we have explained, noncompliance of this sort constitutes "professional misconduct that immediately threatens the public interest" (Romulus, 155 AD3d at 18).
Accordingly, the Committee's motion should be granted, and respondent suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
Order filed. [June 11, 2019]
The Committee's motion is granted and respondent is suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a)(1) and (3), effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.



Footnotes

Footnote 1:Respondent, pro se, has not appeared in this proceeding.