Matter of Shapiro (2019 NY Slip Op 06730)





Matter of Shapiro


2019 NY Slip Op 06730


Decided on September 24, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Judith J. Gische,Justice Presiding,
Marcy L. Kahn
Jeffrey K. Oing
Anil C. Singh
Peter H. Moulton,Justices.


M-3433

[*1]In the Matter of Alexander L. Shapiro, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Alexander L. Shapiro, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Alexander L. Shapiro, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 9, 2003.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kathy W. Parrino, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Alexander L. Shapiro was admitted to the practice of law in the State of [*2]New York by the First Judicial Department on October 9, 2003. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (Committee) seeks an order pursuant to the Rules for Attorney Disciplinary matters (22 NYCRR) § 1240.9(a)(1) and (3), immediately suspending respondent from the practice of law based upon his refusal to comply with a court-ordered subpoena and willful failure to cooperate with the Committee's investigation into allegations of professional misconduct which immediately threatens the public interest
On October 22, 2018, the Committee received a complaint from a law firm partner, reporting that respondent billed 319.8 hours to a firm client during the period of June through September 2018, despite not having performed any work for the client. Respondent allegedly admitted his misconduct to the partner and other firm personnel and his employment was terminated on October 1, 2018. Following respondent's termination, the firm discovered that he inflated his hours billed to another client matter. Respondent, however, did not admit to that misconduct.
By letter dated December 7, 2018, the Committee mailed a copy of the complaint to respondent at his home address on file with the Office of Court Administration (OCA), asking him to answer the allegations within 20 days. When no response was received, the Committee sent another letter, dated March 4, 2019, to the same address via first class mail and certified mail return receipt requested. The letter sought a response from respondent within 10 days and informed him that under 22 NYCRR 1240.9(a), he could be suspended for noncooperation with the Committee. The certified mail receipt was signed for and the first class mail was not returned, yet no response was provided. On May 1, 2019, the Committee sent respondent a third letter via priority mail and certified mail to his home address, as well as via email to his address on file with OCA. The priority mail was delivered to respondent's home address. The certified mail, however, was forwarded to and signed for on May 8, 2019 at an address not on file with OCA. Respondent did not respond to any of the Committee's mailings.
On May 28, 2019, the Committee served respondent with a subpoena at the same address where the last certified mailing was forwarded to and signed for, directing him to appear for a deposition on May 29, 2019. The process server confirmed with a neighbor that respondent lived at that address, and affixed a copy of the subpoena to respondent's door and sent a copy by mail.
When respondent failed to appear for his deposition on May 29th the Committee sent him a letter by certified and priority mail asking him to reschedule the deposition and warned that if he failed to do so, it would file an interim suspension motion. The copy sent via certified mail was signed for on May 31, 2019 and the priority mail was shown as delivered on June 3, 2019. After respondent failed to reschedule his deposition, the Committee wrote to him on June 4, 2019, informing him that his deposition was rescheduled for June 12, 2019. Respondent did not respond to the subpoena or appear for a deposition.
The Committee now seeks respondent's immediate interim suspension from the practice of law pursuant to 22 NYCRR 1240(9)(a)(1) and (a)(3), based upon his failure to comply with a court-ordered subpoena and his noncooperation with the Committee's investigation, which is conduct that immediately threatens the public interest. The Committee argues that respondent was given ample opportunity to cooperate with its investigation, citing the numerous unreturned letters sent to both physical addresses and his email address. It contends that respondent's refusal to submit an answer to the complaint and his failure to comply with the judicial subpoena to appear for a deposition evince a deliberate and willful attempt to impede the Committee's investigation, and constitute professional misconduct that threatens the public interest, warranting his immediate suspension from the practice of law. Respondent has not appeared or opposed the motion.
Respondent was properly served with this motion to suspend. To obtain jurisdiction over a respondent for the purposes of an interim suspension from the practice of law pursuant to 22 NYCRR 1240.9(a), there must be personal service upon the respondent, or substitute service in a manner approved by the Presiding Justice (id.).
Here, according to a July 10, 2019 affidavit of service, the Committee personally served respondent on July 9, 2019 by affixing a copy of the instant motion to his dwelling place or usual abode at the address that was previously confirmed by the process server as respondent's address and followed it up with a first class mailing to that address (CPLR 308[4]; Matter of Savitt, 161 AD3d 109, 115 [1st Dept 2018], lv dismissed 32 NY3d 1043 [2018]; see Matter of Dunn, 174 AD3d 175 [1st Dept 2019]; see also Matter of Pomerantz, 158 AD3d 26, 28 [1st Dept 2018]; Matter of Spencer, 148 AD3d 223, 226-27 [1st Dept 2017]). Moreover, respondent received actual notice of the pending investigation against him from the Committee's email sent to his email address on file with OCA (Matter of Savitt, 161 AD3d at 115).
A respondent's failure to respond to the Committee's complaint or appear at a deposition as directed by a judicial subpoena constitutes willful noncompliance with a Committee investigation warranting immediate suspension (Matter of Goldsmith, 159 AD3d 188, 192 [1st Dept 2018]; Matter of Morgado, 159 AD3d 50, 53 [1st Dept 2018]). Moreover, such noncompliance constitutes professional misconduct that immediately threatens the public interest (Matter of Borzouye, 161 AD3d 1, 4 [1st Dept 2018]; Matter of Romulus, 155 AD3d 14, 17-18 [1st Dept 2017]). The Committee has met its burden under this standard.
Accordingly, the motion should be granted and respondent suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a)(1) and (a)(3), effective immediately and until further order of the Court.
All concur. [September 24, 2010]
Order filed.
The motion is granted and respondent is suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a)(1) and (3), effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.