Matter of Doris (2020 NY Slip Op 04524)





Matter of Doris


2020 NY Slip Op 04524


Decided on August 13, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 13, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

 Hon. Rolando T. Acosta, Presiding Justice, Judith J. Gische,Troy K. Webber, Ellen Gesmer, Jeffrey K. Oing, Justices.


&em;

[*1]In the Matter of Lawrence A. Doris, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Lawrence A. Doris, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Lawrence A. Doris, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 11, 1981.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Yvette A. Rosario, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Lawrence A. Doris was admitted to the practice of law in the State of New York by the Second Judicial Department on March 11, 1981. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.
In April 2019, the Attorney Grievance Committee (AGC) received a complaint from a client reporting that she had retained respondent to represent her in a personal injury matter and he never filed her case in court despite having her paperwork for three years. When she inquired [*2]into the status of her case, respondent told her the court process was slow and, after he stopped responding to her calls, she went to his office discovering that he had moved.
By letter dated May 24, 2019, the AGC mailed a copy of the complaint to respondent at the business address (65 Broadway, New York, New York), registered with the Office of Court Administration (OCA), asking respondent to answer the allegations within 20 days. When no response was received, the AGC sent another letter, dated June 21, 2019, to the same address via first class mail and certified mail return receipt requested (CMRRR). It asked for a response within 10 days and informed respondent of the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a) and case law providing for the suspension of attorneys for noncooperation with the AGC. The letter was returned as "unable to forward" and "return to sender."
On July 8, 2019, an AGC investigator emailed respondent asking for an updated mailing address, which he provided by return email the next day. Prior to respondent's return email, the AGC sent a third request to respondent, this time to his home address registered with OCA, requesting an answer within 10 days and informing him that his continued neglect of the matter or refusal to cooperate could expose him to formal charges of professional misconduct. The certified mail was delivered with the receipt returned to the AGC on July 11, 2019, and the first class mail was not returned, yet no response was provided.
The AGC sent a fourth and fifth request to respondent by first class mail and CMRRR to his new business mailing address (42 Broadway, New York, New York) and to his home address, as well as by email, on September 30 and October 24, 2019, respectively, again seeking an answer within 10 days and cautioning respondent of the possible consequences of his continued neglect. All letters sent by certified mail were delivered except for the October 24 letter sent to respondent's home; however, the copy of that letter sent by first class mail was tracked as delivered to his home address. There continued to be no response from respondent.
On November 27, 2019, the AGC served respondent with a subpoena at his business address, directing him to appear for a deposition on December 11, 2019. According to the affidavit of service, the AGC investigator handed respondent's secretary the subpoena and then mailed a copy of the subpoena, which was delivered on December 6, 2019. Respondent failed to appear for his deposition.
On October 25, 2019, a second complaint from a client was filed against respondent similarly alleging that respondent had not communicated regarding his personal injury case.
By letter dated November 18, 2019, the AGC mailed a copy of the complaint to respondent's business address asking him to answer the allegations within 20 days. Both the letter sent via first class mail and certified mail were delivered on November 20 and 21, respectively, and the copy sent to respondent's home address via first class mail was not returned. Respondent failed to submit a response.
On January 23, 2020, an AGC investigator personally served respondent with a letter from the AGC informing him of both complaints. The letter was accompanied by copies of the complaints and requested answers to the allegations by January 31, 2020. Respondent was informed that if he failed to do so, the AGC would move for his immediate suspension. The investigator delivered the letter to respondent's secretary and also mailed a copy via first class mail and CMRRR. Respondent did not submit a response to either complaint.
Now, the AGC seeks an order pursuant to 22 NYCRR § 1240.9(a)(1) and (3), immediately suspending respondent from the practice of law based upon his failure to comply with a court-ordered subpoena and willful failure to cooperate with the AGC's investigation into allegations of professional misconduct which immediately threatens the public interest.
According to an affidavit of service, a process server went to respondent's business address and hand delivered the instant motion to a "Co-Worker" of respondent. He thereafter mailed a copy of the motion via first class mail. Notwithstanding service upon him, respondent has not appeared or opposed the AGC's motion.
Respondent's failure to answer complaints and to appear at a deposition as directed by a judicial subpoena constitutes willful noncompliance with an AGC investigation warranting immediate suspension (Matter of Shapiro, 177 AD3d 28 [1st Dept 2019]; Matter of Dunn, 174 AD3d 175 [1st Dept 2019]; Matter of Goldsmith, 159 AD3d 188, 192 [1st Dept 2018]; Matter of Morgado, 159 AD3d 50, 53 [1st Dept 2018]). Moreover, such noncompliance constitutes professional misconduct that immediately threatens the public interest (Matter of Borzouye, 161 [*3]AD3d 1, 4 [1st Dept 2018]; Matter of Romulus, 155 AD3d 14, 17-18 [1st Dept 2017]). As detailed above, the AGC has met its burden under this standard.
Accordingly, the Attorney Grievance Committee's motion should be granted and respondent suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a)(1) and (a)(3), effective immediately and until further order of this Court.
All concur.
Order filed. [August 13, 2020]
The Attorney Grievance Committee's motion is granted and respondent is suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a)(1) and (a)(3), effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.