Matter of Russell-Ward (2020 NY Slip Op 05019)





Matter of Russell-Ward


2020 NY Slip Op 05019


Decided on September 17, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 17, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Rolando T. Acosta, Presiding Justice, Dianne T. Renwick, Sallie Manzanet-Daniels, Angela M. Mazzarelli Anil C. Singh, Justices.


&em;

[*1]In the Matter of Mychel K. Russell-Ward, (admitted as Mychel Kema Russell-Ward), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Mychel K. Russell-Ward, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Mychel Kema Russell-Ward, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on June 29, 2009.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Naomi F. Goldstein, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Mychel K. Russell-Ward was admitted to the practice of law in the State of New York by the First Judicial Department on June 29, 2009, under the name Mychel Kema Russell-Ward. Although respondent's last known business address listed with the Office of Court Administration is in Maryland, this Court has jurisdiction based on her admission to this Court. In August 2019, the Attorney Grievance Committee (AGC) moved for respondent's immediate suspension from the practice of law, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(3), based on her failure to answer
a complaint alleging that she sent disturbing emails to the New York City Bar Association which raised questions as to her mental health. Respondent submitted an untimely response in opposition to the AGC's motion wherein she failed to adequately address the content of the emails at issue.
Accordingly, by order of November 14, 2019, this Court immediately suspended respondent from the practice of law until further order of the Court without prejudice to her seeking to convert her interim suspension for noncooperation to a medical
suspension pursuant to 22 NYCRR 1240.14(b) if she was so advised (179 AD3d 11 [1st Dept 2019]).
Respondent was served with a notice of entry of this Court's order by first class mail and certified mail return receipt requested at the same Maryland address listed in the AGC's interim suspension motion.
The AGC now seeks an order disbarring respondent, pursuant to 22 NYCRR 1240.9(b), on the ground that she was immediately suspended pursuant to 22 NYCRR 1240.9(a)(3) and has neither responded to nor appeared for further investigatory or disciplinary proceedings within six months from the date of the order of suspension.
Inasmuch as more than six months have elapsed since this Court's November 14, 2019 suspension order, and respondent has neither responded to, nor appeared for, further investigatory or disciplinary proceedings, nor requested a post-suspension
hearing, the AGC's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) should be granted and her name stricken from the roll of attorneys in the State of New York (see Matter of Shapiro, 184 AD3d 352 [1st Dept 2020]; Matter of Matic, 173 AD3d 83 [1st Dept 2019]).
All concur.
Order filed. [September 17, 2020]
The Committee's motion is granted, respondent is disbarred, and her name is stricken from the roll of attorneys in the State of New York pursuant to 22 NYCRR 1240.9(b), effective immediately.