Matter of Doris (2021 NY Slip Op 03553)





Matter of Doris


2021 NY Slip Op 03553


Decided on June 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 08, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Judith J. Gische
Troy K. Webber
Jeffrey K. Oing
Martin Shulman, JJ.


Motion No. 2021-01228 Case No. 2020-02374 

[*1]In the Matter of Lawrence A. Doris, a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Lawrence A. Doris, (OCA Atty Reg. No. 1712652), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 11, 1981.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Yvette A. Rosario, of counsel), for petitioner.
Respondent, pro se.



Per Curiam


Respondent Lawrence A. Doris was admitted to the practice of law in the State of New York by the Second Judicial Department on March 11, 1981. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.
In June 2020, the Attorney Grievance Committee (AGC) moved pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.9(a)(1) and (3) to immediately suspend respondent based on his failure to answer two complaints and appear for an examination under oath as directed by a judicial subpoena. According to the affidavit of service, a process server went to respondent's business address and hand delivered the suspension motion to a "CoWorker" of respondent. A copy of the motion was thereafter mailed via first class mail. Notwithstanding proper service, respondent did not appear or oppose the AGC's motion.
By order entered August 13, 2020, this Court granted the motion and immediately suspended respondent, finding that "[his] failure to answer complaints and to appear at a deposition as directed by a judicial subpoena constitutes willful noncompliance with an AGC investigation warranting immediate suspension" and "such noncompliance constitutes professional misconduct that immediately threatens the public interest" (186 AD3d 23, 26 [1st Dept 2020]) (internal citations omitted) .
On August 19, 2020, a notice of entry with a copy of this Court's suspension order was served on respondent by first class and certified mail at the business address at which he was served with the suspension motion and also by email (at the email address he registered with OCA). The notice of entry served by certified mail was "Delivered, Left with Individual" on August 24, 2020, and the copy served by first class mail was not returned.
The AGC's prior motion to suspend contained the following notice:
"PLEASE TAKE FURTHER NOTICE that, pursuant to 22 NYCRR 1240.9(b), an attorney who is suspended under 22 NYCRR 1240.9 and who has failed to respond to or appear for further investigatory or disciplinary proceedings within six (6) months from the date of the order of suspension, may be disbarred by the Court without further notice."
Now, the AGC seeks an on order disbarring respondent pursuant to 22 NYCRR 1240.9(b) on the ground that he was immediately suspended pursuant to 22 NYCRR 1240.9(a)(1) and (3) and has neither responded to nor appeared for further investigatory or disciplinary proceedings since the date of his suspension more than six months ago. The AGC served the motion by certified and priority mail at the address at which respondent was served with the prior motion and suspension order, and also by emailing a copy to his registered email address, but he has not submitted a response.
Accordingly, inasmuch as six months have elapsed since this Court's August 13, 2020 suspension [*2]order, and respondent has neither responded to, nor appeared for, further investigatory or disciplinary proceedings, the AGC's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) should be granted and his name stricken from the roll of attorneys in the State of New York (Matter of Russell-Ward, 187 AD3d 64 [1st Dept 2020]; Matter of Shapiro, 184 AD3d 352 [1st Dept 2020]; Matter of Matic, 173 AD3d 83 [1st Dept 2019]; Matter of Aris, 169 AD3d 70 [1st Dept 2019]).
All concur.
It is ordered that the Attorney Grievance Committee for the First Judicial Department's motion for an order pursuant to 22 NYCRR 1240.9 (b) disbarring respondent Lawrence A. Doris, is granted, and respondent is disbarred and his name stricken from the roll of attorneys in the State of New York, effective immediately and until further order of this Court, and
It is further ordered that pursuant to Judiciary Law §?90, the respondent, Lawrence A. Doris, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further ordered that Lawrence A. Doris shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and
It is further ordered that if respondent Lawrence A. Doris, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: June 8, 2021