Matter of Luke (2022 NY Slip Op 00011)





Matter of Luke


2022 NY Slip Op 00011


Decided on January 04, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 04, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Barbara R. Kapnick
Ellen Gesmer
Saliann Scarpulla
John R. Higgitt, JJ.


Motion No. 2021-03727 Case No. 2021-04018 

[*1]In the Matter of Lissa G. Luke (Admitted as Lissa Grace Luke), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Lissa G. Luke, (OCA Atty. Registration No. 4023925) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 13, 2002.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Orlando Reyes, Esq., of counsel), for petitioner.
Respondent pro se.



Per Curiam 


Respondent Lissa G. Luke was admitted to the practice of law in the State of New York by the Second Judicial Department on February 13, 2002, under the name Lissa Grace Luke. At all times relevant to this proceeding, respondent maintained a registered business address within the First Judicial Department.
The Attorney Grievance Committee (AGC) seeks an order — pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a) (1), (3), and (4) and Judiciary Law § 468-a(2) — immediately suspending respondent from the practice of law until further order of this Court, based on her failure to answer a complaint, failure to appear for a deposition as directed by judicial subpoena, willful failure or refusal to pay money owed to a client which debt is evidenced by a judgment, and failure to timely report changes in her business and residential addresses to the Office of Court Administration (OCA).
In April 2020, K.G. filed a complaint alleging that in or about March 2019 she retained respondent to represent her in an uncontested divorce, for which she paid a fee of $2,500. On or about October 21, 2019, K.G. texted respondent that she did not want to move forward with the matter and inquired as to a refund of the fee she paid. Respondent texted back that she would "respond shortly." However, between November and December 2019, K.G. repeatedly called, texted, and emailed respondent inquiring as to her refund but no response was forthcoming, and in or about late December 2019, respondent allegedly blocked K.G.'s number.
On or about December 24, 2019, K.G. commenced a small claims action in Yonkers City Court against respondent, who failed to appear therein. Following an inquest, by judgment entered February 14, 2020, the court awarded K.G. $2,5o0, plus $20 in costs. Respondent then moved by way of order to show cause for vacatur of the default judgment and dismissal of K.G.'s complaint, asserting that she initially failed to appear because she had miscalendared the matter, and that she had provided services for which she was entitled to compensation. By decision dated September 20, 2021, the court found there was no legal basis to reopen the matter and affirmed the judgment, which K.G. alleges respondent has not satisfied.
By letter dated August 26, 2020 (sent by email to an email address listed on a business card respondent gave to K.G., which listed a business address different from the one she last registered with OCA), the AGC requested that respondent submit a written answer to K.G.'s complaint within 20 days but she did not do so. By letter dated September 21, 2020, sent by email, the AGC directed respondent to answer K.G.'s complaint within 10 days, and advised her that failure to do so could result in her interim suspension, but she did not comply.
On October 1, 2020, the AGC forwarded its prior September 21, 2020 letter to three [*2]additional email addresses it found for respondent. The AGC did not receive notification that the email it sent to a Gmail account was not delivered. Nevertheless, respondent did not contact the AGC in response to this email. By letter dated October 2, 2020, sent by first class mail to the business address respondent last registered with OCA, the AGC again requested that she answer K.G.'s complaint within 20 days, and advised her that failure to do so could subject her to discipline, but no answer was submitted.
By letter dated January 6, 2021, sent by first class and certified mail to the New York home address respondent last registered with OCA and by email to the address listed on her business card, the AGC directed her to answer K.G.'s complaint within 10 days and warned her that failure to comply could result in her interim suspension. The next day an AGC investigator spoke with respondent by telephone regarding her failure to answer K.G.'s complaint. During the conversation respondent, who gave another email address at which she could be contacted, claimed that she was unaware of K.G.'s complaint. On January 8, 2021, the AGC forwarded its prior January 6, 2021 letter to the new email address respondent provided, but she did not respond.
Thereafter, the AGC determined that respondent was using an address in North Carolina. Accordingly, on April 14, 2021 the AGC sent a letter to that address by first class and certified mail directing her to answer the complaint within 10 days and again warned her that failure to comply could result in her interim suspension. The certified mailing was returned as unclaimed but the AGC does not state whether or not its first class mailing was also returned; no answer was submitted.
On August 5, 2021, respondent was personally served with a judicial subpoena, pursuant to CPLR 308(4), at the North Carolina address which directed her to appear before the AGC for an examination under oath (i.e., a deposition) on August 18, 2021; the process server's affidavit of service states that a neighbor confirmed that respondent lived at the address.
On the morning of her scheduled deposition, the AGC unsuccessfully attempted to reach respondent at two telephone numbers (one of which was the number at which the AGC's investigator spoke with her on January 7, 2021). The AGC also sent emails to respondent's four email addresses, including the one which she previously gave to its investigator, which reminded her of her obligation to appear and warned that failure to do so could result in her interim suspension; the AGC received back notifications that delivery of the emails was completed but no delivery notification had been sent by the destination servers. Respondent did not appear as directed.
By letter dated August 19, 2021 (sent by first class and certified mail to respondent's North Carolina address) and a separate email of the same date (for which the AGC received notification that delivery thereof had been completed[*3]), AGC Staff Counsel memorialized respondent's failure to appear the day before for her scheduled deposition and requested that she immediately contact him, but she did not do so. On September 10, 2021, Staff Counsel emailed respondent a copy of the August 18, 2021 transcript documenting her failure to appear for her deposition as directed by judicial subpoena, as well as her failure to respond to the AGC's prior requests that she answer K.G.'s complaint; again, the AGC received notification that the email had been delivered but respondent did not contact the Committee.
By letter dated September 14, 2021, sent by first class and certified mail to respondent's North Carolina address and by email (for which the AGC received notification that delivery was completed), respondent was directed to provide proof that she had satisfied K.G.'s judgment against her, or explain her reason for not having done so, within 10 days. In addition, the AGC notified respondent that it intended to move for her interim suspension based on her prior failure to cooperate with its investigation, which included failing to appear for a deposition as directed by judicial subpoena, and it requested that she immediately contact the assigned Staff Counsel but she did not do so.
The AGC avers that it has not had contact with respondent since the January 7, 2021 telephone conversation she had with its investigator. In addition, the AGC cites to the fact that respondent has not amended her contact information in connection with her attorney registration as she was required to do within 30 days of such changes pursuant to Judiciary Law § 468-a(2).
The AGC argues that respondent's repeated failure to respond to its requests that she answer K.G.'s complaint, her failure to appear for a deposition as directed by judicial subpoena, and her apparent willful failure or refusal to satisfy K.G.'s judgment against her warrants her interim suspension under 22 NYCRR 1240.9(a)(1),(3), and (4). The AGC argues further that her failure to timely advise OCA of changes to her business and residential addresses as required by Judiciary Law § 468-a(2) provides separate grounds for her interim suspension insofar as it frustrated the AGC's attempts to contact her regarding its investigation.
Respondent was personally served with this motion at her North Carolina address, pursuant to CPLR 308(4), but she has not submitted a response.
22 NYCRR 1240.9(a) provides for an interim suspension -
"upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon: (1) the respondent's default in responding to a notice to appear for examination, or pursuant to subpoena under these Rules; (3) the respondent's failure to comply with a lawful demand of the Court or a Committee in an investigation under these Rules; (4) the
respondent's willful failure or refusal to pay money owed to a client, which
debt is demonstrated [*4]by [a] judgment, or other clear and convincing evidence "
Judiciary Law §468-a(2) states that -
"[a]ttorneys shall register biennially on the dates prescribed by the chief administrator. In the event of a change in information previously submitted, an attorney shall file an amended statement within thirty days of such change."
The Committee has met its burden and respondent should be immediately suspended until further order of this Court (see e.g. Matter of Greenblum, 199 AD3d 84 [1st Dept 2021]; Matter of Doris, 186 AD3d 23 [1st Dept 2020]; Matter of Shapiro, 177 AD3d 28 [1st Dept 2019]; Matter of Dunn, 174 AD3d 175 [1st Dept 2019]; Matter of Pomerantz, 158 AD3d 26 [1st Dept 2018]; Matter of Pierre, 153 AD3d 306, 310 [1st Dept 2017]).
Accordingly, the Committee's motion should be granted and respondent is suspended from the practice of law in the State of New York, effective immediately and until further order of this Court.
All concur.
It is Ordered that the Attorney Grievance Committee's motion is granted and respondent Lissa G. Luke (admitted As Lissa Grace Luke) is suspended from the practice of law in the State of New York, pursuant to 22 NYCRR 1240.9(a) (1), (3), and (4), and Judiciary Law § 468-a(2), effective immediately, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Lissa G. Luke (admitted As Lissa Grace Luke), shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and,
It is further Ordered that respondent Lissa G. Luke (admitted As Lissa Grace Luke) shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof; and
It is further ordered that, within 20 days of the date of service of this decision, Lissa G. Luke (admitted As Lissa Grace Luke) respondent may submit a request, in writing, to this Court for a post-suspension hearing (see 22 NYCRR 1240.9 [c]), and
It is further Ordered that if respondent Lissa G. Luke (admitted As Lissa Grace Luke) has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: January 4, 2022