Matter of Naccarato (2023 NY Slip Op 06091)

Matter of Naccarato

2023 NY Slip Op 06091

Decided on November 28, 2023

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Barbara R. Kapnick,J.P.,
Jeffrey K. Oing
Ellen Gesmer
Bahaati E. Pitt-Burke
Kelly O'Neill Levy JJ.

Motion No. 2023-04140 Case No. 2023-04735 

[*1]In the Matter of John Naccarato, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, John Naccarato (OCA ATTY. REG. NO. 2651958), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 15, 1995.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York
(Louis J. Bara, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent John Naccarato was admitted to the practice of law in the State of New York by the Second Judicial Department on March 15, 1995. Respondent's last registered business address was in the First Judicial Department. Respondent has not appeared in this proceeding.
The Attorney Grievance Committee (AGC) now seeks an order, pursuant to The Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1) and (3), immediately suspending respondent from the practice of law until further order of this Court, based on his failure to answer a complaint and to appear for an examination under oath as directed by judicial subpoena.
On November 11, 2021, the AGC received a complaint from RG in which she alleged that in or about October 2018 she entered into a retainer agreement for respondent to represent her in connection with a September 12, 2018 car accident, but subsequently RG could not "reach [respondent] any where." On February 8, 2022, the AGC mailed a copy of RG's complaint to respondent at his last registered business address. On February 22, 2022, the AGC's mailing was returned with the notation "no longer here!" On February 23, 2022, the AGC forwarded a copy of RG's complaint to respondent's email address listed on the complaint, requesting that he answer within 20 days and "immediately acknowledge receipt of this e-mail."
On March 22, 2022, after not having received a reply to its February 23 email, the AGC sent respondent another email with RG's complaint attached, requested that he immediately acknowledge receipt of the email, and directed him to answer the complaint within 10 days. Respondent did not reply. The AGC also unsuccessfully attempted to contact respondent at the telephone number he last registered with OCA.
On July 7, 2023, respondent was personally served in hand at his residence with a judicial subpoena directing him to appear before the AGC on August 15, 2023 for an examination under oath. Respondent did not appear as directed. By letter dated August 15, 2023, sent by email and also by certified mail, return receipt requested to the address where respondent was personally served in hand with the judicial subpoena, the AGC memorialized respondent's prior failure to cooperate and advised him that unless it received an email response from him within 10 days it "may have no alternative but to make an appropriate application to the Appellate Division," namely, a motion for his interim suspension. As to the mailed letter, the U.S. Postal Service's tracking system indicated "Notice Left (No Authorized Recipient Available)." There is no evidence that the email sent to respondent was not delivered. To date, respondent has neither contacted the AGC nor answered RG's complaint.
Respondent was personally served with the motion, pursuant to CPLR 308(2), on September 15, 2023, at the residential address where he was personally served in hand with the judicial subpoena on July 7, 2023, but has not submitted a response.
22 NYCRR [*2]1240.9(a) provides for an interim suspension -
"upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding
may be based upon: (1) the respondent's default in responding to a notice to appear for examination, or pursuant to subpoena under
these Rules (3) the respondent's failure to comply with a lawful
demand of the Court or a Committee in an investigation under
these Rules "
The AGC has met its burden and respondent should be immediately suspended until further order of this Court. The AGC twice requested by email that he answer RG's complaint, but respondent failed to respond. Additionally, the AGC attempted, without success, to reach respondent at the telephone number he last registered with OCA. The AGC personally served respondent in hand with a judicial subpoena directing him to appear for a deposition, which he ignored. The AGC then sent respondent the August 15, 2023 letter both by certified mail (to the address where he was personally served with the judicial subpoena), return receipt requested, and by email, directing him to immediately contact the Committee and warning that failure to do so could result in a motion seeking his interim suspension, a warning respondent failed to heed. Furthermore, despite being personally served with the AGC's motion pursuant to CPLR 308(2), respondent has not submitted a response.
Based on the foregoing, we find that respondent's interim suspension is warranted (see e.g. Matter of Tessler, 215 AD3d 61 [1st Dept 2023]; Matter of Greenblum, 199 AD3d 84 [1st Dept 2021]; Matter of Doris, 186 AD3d 23 [1st Dept 2020]; Matter of Shapiro, 177 AD3d 28 [1st Dept 2019]; Matter of Borzouye, 161 AD3d 1 [1st Dept 2018]).
Accordingly, the AGC's motion should be granted and respondent suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
It is Ordered that the Attorney Grievance Committee's motion to suspend respondent from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a)(1) and (3) is granted and respondent John Naccarato is hereby suspended from the practice of law, effective immediately and until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent John Naccarato, shall desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advise in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent John Naccarato, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made [*3]part hereof; and
It is further Ordered that if respondent John Naccarato has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency forthwith.
Entered: November 28, 2023