Matter of Gard (2024 NY Slip Op 03560)

Matter of Gard

2024 NY Slip Op 03560

Decided on July 02, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 02, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Jeffrey K. Oing,J.P.,
Anil C. Singh
Saliann Scarpulla
Bahaati E. Pitt-Burke
John R. Higgitt, JJ.

Motion No. 2023-05754 Case No. 2023-06766 

[*1]In the Matter of Sally Marois Gard, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Sally Marois Gard (Admitted as Sara Kathleen Marois) (OCA ATTY. REG. NO. 4919536), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent Sally Marois Gard was admitted, as Sara Kathleen Marois, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 7, 2011.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Naomi F. Goldstein, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent Sally Marois Gard was admitted to the practice of law in the State of New York by the First Judicial Department on March 7, 2011, under the name Sara Kathleen Marois. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (AGC) seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(3) immediately suspending respondent for her failure to comply with the AGC's lawful investigative demands, emanating from three client complaints and a Supreme Court transcript sanctioning respondent for repeatedly disregarding court rules, and for her failure to appear for an examination under oath.
The client submitting the first complaint against respondent received by the AGC alleged that respondent had neglected her matrimonial matter and had not responded to her communications. By email directed to respondent's address on file with the Office of Court Administration, the AGC forwarded a copy of the complaint with a cover letter directing respondent to acknowledge receipt, instructing her to respond to the allegations within 20 days, and notifying her that an unexcused failure to submit an answer to the complaint could subject her to discipline. Respondent acknowledged receipt of the email later that day but did not submit an answer. When, approximately a month later, the AGC emailed a second letter requesting response and again advising of the possible consequences of a default, respondent responded that day, apologizing for the delay, claiming to have been under medical treatment, and stating that she would try to answer within the allotted time period. The AGC's third email request for a response, again advising of the possible consequences of the failure to receive an answer, went unanswered.
The client submitting the second complaint against respondent received by the AGC alleged that he retained respondent to represent him in a matrimonial and child custody matter, he paid respondent $17,500, respondent made numerous promises to provide legal work that she did not perform, she stopped communicating with him, and she failed to turn over his file to new counsel. By email to the same address, the AGC forwarded a copy of the complaint with a cover letter instructing respondent to respond to the allegations within 20 days, and notifying [*2]her that an unexcused failure to submit an answer to the complaint could subject her to discipline. Respondent did not answer the complaint.
The client submitting the third complaint against respondent received by the AGC alleged that respondent failed to communicate in a timely manner, failed to timely file court documents, and failed to perform promised tasks. The AGC forwarded a copy of the complaint with a cover letter instructing respondent to respond to the allegations within 20 days, and notifying her that an unexcused failure to submit an answer to the complaint could subject her to discipline. Respondent did not answer the complaint.
The AGC also forwarded to respondent a Supreme Court transcript, transmitted to it at the suggestion of the Justice presiding over the proceeding, in which respondent's client was held in contempt and respondent was sanctioned $7,500 for repeatedly disregarding court rules and rulings. The transcript was sent via email and certified mail to respondent's business address on file with OCA, with a cover letter instructing her to respond to the allegations within 20 days, and notifying her that an unexcused failure to submit an answer to the complaint could subject her to discipline. Respondent did not answer the complaint.
Two weeks later, respondent emailed the AGC, asserting that she had been handling serious medical issues and requesting additional time to respond to the third client's complaint. The AGC granted respondent an additional 20 days, and advised that it would not grant further adjournments of any of the matters unless the AGC was permitted to speak with the medical professional treating respondent. After the 20 days expired, the AGC emailed respondent, reminding her of the outstanding answers, directing respondent to appear for an examination under oath at which she was to provide the outstanding answers, and advising her that her failure to cooperate with the AGC's demands could serve as a basis for her interim suspension. When this email was returned as undeliverable, the AGC forwarded it to a new email address for respondent, and reiterated the information contained in the forwarded email. Respondent did not appear for the examination under oath, has not responded to the complaints or transcript, has not communicated further with the AGC, and has not responded to this motion despite having been served with it pursuant to an order of the Presiding Justice that permitted service by first class mail and certified mail to respondent's business and home addresses, and by email to both email addresses.
The receipt by the AGC of written complaints against an attorney may trigger an investigation pursuant to which the AGC may "direct the respondent to provide a written response to the complaint, and to appear and produce records before the Chief Attorney or a staff attorney for a formal interview or examination under oath" (22 NYCRR 1240.7[b][2]). A respondent's failure to comply with a lawful demand [*3]of the AGC may provide the basis for a finding that the respondent has engaged in conduct immediately threatening the public interest, warranting an interim suspension during the pendency of an investigation (see 22 NYCRR 1240.9[a][3]).
Respondent's failure to submit written answers responding to the complaints and transcript despite multiple extensions and repeated instruction over the course of seven months, to appear for examination under oath, and to answer this motion constitute professional misconduct immediately threatening the public interest, warranting her immediate suspension from the practice of law (see e.g. Matter of Tessler, 215 AD3d 61 [1st Dept 2023]; Matter of Greenblum, 199 AD3d 84 [1st Dept 2021]; Matter of Doris, 186 AD3d 23 [1st Dept 2020]; Matter of Shapiro, 177 AD3d 28 [1st Dept 2019]; Matter of Borzouye, 161 AD3d 1 [1st Dept 2018]).
Accordingly, the AGC's motion should be granted and respondent suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a)(3), effective immediately, until such time as disciplinary matters pending before the AGC have been concluded and until the further order of this Court.
All concur.
Wherefore, it is Ordered that the Attorney Grievance Committee's motion to immediately suspend respondent pursuant to 22 NYCRR 1240.9(a)(3) is granted, and respondent Sally Marois Gard, admitted as Sara Kathleen Marois, is suspended from the practice of law effective immediately, and until the further order of this Court; and
It is further Ordered that pursuant to Judiciary Law § 90, during the period of
suspension and until further order of this Court, respondent Sally Marois Gard, admitted as Sara Kathleen Marois, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
It is further Ordered that the respondent Sally Marois Gard, admitted as Sara Kathleen Marois, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 240.15), which are made a part hereof; and,
It is further Ordered that if the respondent Sally Marois Gard, admitted as Sara Kathleen Marois, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency forthwith.
Entered: July 2, 2024